WILLIAM P. BLODGET AND FANNY H. BLODGET, EXECUTORS OF THE WILL OF WILLIAM BLODGET, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 28934.   Promulgated February 7, 1930.

*J. E. Carroll, Esq.*, for the petitioners.
*W. F. Gibbs, Esq.*, for the respondent.

OPINION.

SMITH: The only questions presented by this proceeding are:

(1) Whether an amount of $32,700 representing the share of the decedent, William Blodget, in the so-called " good will " of the firm of Blodget & Co., bankers of Boston, should be included in the gross estate of William Blodget, the decedent; and

(2) Whether there should also be included in the gross estate $225,000 alleged by the petitioners to represent gifts made by the decedent to William Power Blodget, decedent's son, and to Fanny H. Blodget, decedent's wife, claimed by the respondent to be a part of the capital of the decedent in the firm of Blodget & Co., at the date of his death.

The partnership articles of Blodget & Co. place the good will, in case the partnership should terminate for any cause, in three of the partners, William Blodget, Charles E. Ober, and R. H. Carleton. The other partners had no share in the good will. The decedent in his will dated December 28, 1922, includes among the assets of his estate the good will of the business of the firm now known as Blodget & Co.

As we construe the articles of partnership in force at the date of the death of the decedent, it was the contemplation of the three partners in whom the good will of the firm vested that upon the death of one the good will should vest in the other two. This was the construction placed upon the articles by the petitioners herein and the other members of the firm of Blodget & Co. The interest of Blodget alone in that good will had no monetary value. The decedent did not attempt to bequeath his interest in the good will of the partnership to the other partners. The estate of William Blodget never realized anything for the interest of the decedent in the good will of Blodget & Co. Upon the record, we find that William Blodget's interest in the good will of the firm of Blodget & Co. had no cash value at the date of his death. The contention of the petitioners upon this point is therefore sustained.

The determination of the respondent with respect to the $225,000 involved in alleged gifts made by William Blodget to his son and wife in 1919 appears to have been made without a knowledge of the facts in the case. The evidence of record shows that William Blodget made actual gifts of $125,000 and $100,000 in 1919 to his son and wife, respectively. From January 1, 1920, they received interest upon this money and returned such interest as a part of their taxable incomes. One of the members of Blodget & Co. testified that the $125,000 and $100,000 left with the firm at interest could have been withdrawn by the donees at any time they wished.

The reason for the creation of a trust in favor of Fanny H. Blodget with respect to the $100,000 on June 6, 1921, is not apparent. It appears that on that day the deposit standing to the credit of Mrs. F. H. Blodget was transferred to William Power Blodget, the son, as trustee for Fanny H. Blodget and that at or about that time William Power Blodget executed agreements whereby he thereafter held the money as trustee for Fanny H. Blodget, subject to certain other obligations of Blodget & Co. These agreements, however, in no way served to revest in William Blodget the amounts that he had given to his son and wife in 1919.

The inclusion of the $225,000 in the gross estate by the respondent was predicated upon the view that this money constituted a part of the capital of William Blodget up to the date of his death. The evidence conclusively shows that the amount in question was not a part of the capital of William Blodget from and after January 1, 1920. The contention of the petitioners upon this point is therefore sustained.

*Judgment will be entered under Rule 50.*